19218

William R. JACKSON, Jr., Appellant, v. Ann Tarte JACKSON, Respondent

(181 S. E. (2d) 266)

*Sidney T. Floyd, Esq., for Appellant,*

*Messrs. Marchant, Bristow & Bates,* of Columbia, *for Respondent,*

May 11, 1971.

Moss, Chief Justice.

This is an appeal from an order of The Civil and Criminal Court of Horry County liberalizing a mother's rights of visitation with her three minor children, whose primary

custody had been awarded by said court to their father by a 1967 divorce decree.

After a full hearing on the wife's 1969 petition for a change of custody, the court found that the relief sought was not justified and dismissed the petition. A notice of intention to appeal from this order was served but, inferentially, the appeal was not perfected. Instead, the wife filed a new petition for a modification of her rights of visitation with her children, serving notice on the husband that the petition would be presented "upon the record now before the Court, and without further testimony." According to the agreed statement, the husband "objected that the Court did not have jurisdiction and that further testimony must be offered to show change of condition." The court heard the matter on December 16, 1969, on the testimony recently taken on the issues raised by the wife's petition for change of primary custody, and found that a modification of visitation rights "would be just and equitable and to the best interests of all concerned." Accordingly, the order from which the husband appeals was issued by the court.

The first of the husband's three exceptions has been abandoned. The second exception charges that the court erred in refusing to allow him to introduce testimony showing that there had not been a change of condition. The husband's objection, as reflected by the agreed statement, was not an offer of testimony, and the record nowhere indicates that the husband offered any testimony which the court refused to admit. Such offer and refusal are suggested only by the exception itself. Under the well-settled rule, facts not appearing in the record as agreed upon, and referred to only in an exception, will not be considered on appeal. *In re Estate Neubert,* 58 S. C. 469, 36 S. E. 908 (1900).

The third exception charges that the court erred in changing the wife's rights of visitation "without hearing testimony

and it being shown that there was a change of conditions to justify such change."

Full testimony on the issue of custody was heard by the court in late October, 1969, resulting in its order of November 13, concluding that there had been no change of conditions sufficient to justify taking primary custody of the children from the father. While, as contended by him, visitation rights were within the issues before the court at that time, this aspect of the case was not put forward by the parties or weighed by the court. Under Section 20-115, Code of 1962, the jurisdiction of the divorce court to entertain the mother's petition and, in effect, reconsider this aspect of the custody issue is clear. There is no inconsistency between denying primary custody to the mother on the one hand, as was done by order of November 13, 1969, and enlarging the provisions for her visiting with her children on the other, as was done by the order appealed from. The testimony is not in the record before us, and we assume the sufficiency of the evidence to support the decision of the court.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.